IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KARL L. DAHLSTROM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:07cv229 |
| v. | § | |
| | § | |
| JAMES DAVID MOORE, BILL JACK | § | |
| CHILES, JR. And LARRY G. GUILLOUD, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Now before the Court are Defendants' Motion to Dismiss (Dkt. 11) and Defendants' Motion to Dismiss First Amended Complaint (Dkt. 28). After reviewing the record, the Court finds that the motions should be granted, in part, as stated below.

### BACKGROUND

Plaintiff, Karl L. Dalhstrom, is a private citizen who, along with another citizen, formed a group called "Citizens Against the Asphalt Plant" or "CAAP" to oppose plans to construct a hot-mix asphalt plant in Pottsboro, Texas. Defendants Moore, Chiles, and Guilloud are members of another group of citizens, called "Concerned Citizens of Grayson County" or "CCGC." CCGC has also voiced opposition to the construction of the asphalt plant.

According to Plaintiff, Defendants entered CAAP offices in April 2007 and ordered CAAP to cease and desist from recruiting any additional member to CAAP and to stop collecting money on behalf of CAAP or CAAP would suffer adverse consequences. Plaintiff claims that these and other alleged threats and representations by Defendants have caused a chilling effect on the rights

1

of CAAP's members and have negatively affected CAAP's membership. Plaintiff also alleges that Defendants made made numerous slanderous allegations about his character and criminal history on both the CCGC website and other forums.

In this suit, Plaintiff brings the following claims against Defendants. First, Plaintiff claims that Defendants' actions violated his rights to free speech, free expression, and freedom of association under the First and Fourteenth Amendments to the U.S. Constitution. Second, Plaintiff claims that Defendants' actions violated his right to associate with other persons, right to contract with others, and right to practice one's profession under the Fifth and Fourteenth Amendments to the U.S. Constitution. Additionally, Plaintiff claims that Defendants have violated 42 U.S.C. §§1983-1986 by interfering with the free exercise of his rights and, under color of law, ordered him to leave town. Plaintiff also claims that Defendants' alleged interference with his Constitutional rights constituted a violation of 18 U.S.C. §241. Finally, Plaintiff alleges that Defendants violated his "right not to be falsely and illegally libeled and slandered." In his amended complaint, Plaintiff also specifies that he is making a conspiracy claim under 42 U.S.C. § 1985(3), alleging that Defendants were part of a conspiracy whose members joined to deprive him of his constitutional rights.

### STANDARD

Defendants seek to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most

favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Dismissal for failure to state a claim does not require, however, an appearance that, beyond a doubt, the plaintiff can prove ***no set of facts*** in support of claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). Rather, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately stating his claim, that it may be supported some set of facts consistent with the allegations in the complaint. *Id.*

## ANALYSIS

The Court notes that neither party has done a thorough job at briefing their respective positions. Nonetheless, the Court examines Plaintiff's claims under the well-established 12(b)(6) principles, in conjunction with the arguments raised by the parties and the facts alleged.

**Violations of First, Fifth and Fourteenth Amendments and Section 1983-1986 Claims**

Defendants challenge all of Plaintiff's constitutional claims, arguing that they are not "state actors" and therefore no claims for constitutional violations can lie against them. Plaintiff responds that Defendants are state actors because their organization, CCGC, was formed under the laws of Texas. Plaintiff also argues that Defendants are a political association with jural authority who act "as quasi or de facto self-appointed government state officers in their attempt to 'protect the public against CAPP,' making them state actors." Despite his arguments, Plaintiff has not shown how, under the guiding precedent in this Court, Defendants are state actors against whom he can state a constitutional claim.

To state a constitutional claim for relief under Section 1983, a plaintiff must allege a violation of a constitutional right and a violation of that right by one or more state actors. *Johnson v. Dallas Indep. Sch. Dist.,* 38 F.3d 198, 200 (5th Cir. 1994). To be a state actor subject to liability under Section 1983, the defendant must be a person who acts "under color of any statute ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia." 42 U.S.C. §1983. "The Due Process Clause of the Fourteenth Amendment does not, as a general matter, require the government to protect its citizens from the acts of private actors." *Morin v. Moore*, 309 F.3d 316, 321 (5th Cir. 2002) (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)). As such, private persons generally may not be held liable under Section 1983. *See Richardson v. Fleming,* 651 F.2d 366, 371 (5th Cir. 1981).

Therefore, Plaintiff will have stated a valid constitutional rights claim here only if Defendants are alleged to have been acting under the color of law. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (quoting *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)). The Supreme Court has formulated a two-part approach to the issue of state action:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

Here, Defendants are alleged to be members of a private group of citizens. Plaintiff has not alleged or shown that Defendants' citizen group has acted with any state actors or received aid from state officials such that their conduct would be chargeable to the state. Plaintiff argues that CCGC is a state actor because it was formation was made in accordance with Texas law. The fact that Defendants' organization was formed under Texas law does not make it a state actor. It must have acted under the color – or purported authority – of state law in order to be state actors such that Section 1983 would apply. Further, Plaintiff has not shown how – nor do his cited authorities support his argument – CCGC has or had any sort of jural authority. Indeed, unlike the cases cited by Plaintiff (which the Court finds are not even factually or legally analogous here), Defendants are not part of a City department or subdivision, despite the fact that their membership consists of City residents.

CCGC is a private organization, and Defendants are not state actors under the requirements set forth by the United States Supreme Court and other precedent binding on this Court. Because they are not state actors, Plaintiff cannot state constitutional claims against Defendants. The constitutional and civil rights claims against Defendants must therefore be dismissed with prejudice.

**Libel and Slander Claims**

In addition to his constitutional and civil rights claims, Plaintiff has also made allegations of libel and slander. Although he raises them under the cloak of constitutional violations, the Court notes that libel and slander are causes of action regardless of the constitutional implications and therefore must determine whether Plaintiff has stated a claim for them.

5

Under Texas law, libel is "a defamation expressed in written or other graphic form that tends to blacken the memory of the dead or that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury." TEX. CIV. PRAC. & REM. CODE § 73.001. Likewise, slander, under Texas law, is defamatory statement orally communicated or published to third person without legal excuse. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); *see also Burch v. Coca-Cola Co.*, 119 F.3d 305, (5th. Cir. 1997). Plaintiff has alleged that Defendants made written and oral statements that put his honesty, integrity, virtue and reputation at issue, including alleging he was a "scam artist" and was part of an illegitimate shadow group of whom citizens should be wary. Without reaching the merits of the allegations but taking them all as true as it is required to do at this stage of the proceedings, the Court finds that Plaintiff has stated a claim for libel and slander.

Defendants point out that truth is a defense to slander and libel and seek dismissal of Plaintiff's allegations on that basis, arguing that none of the statements they made about Plaintiff were false. The Court declines to get into the veracity of Defendants' oral and written allegations here, and finds that such a weighing of the evidence is not appropriate for this motion to dismiss.

However, having dismissed the constitutional claims, the Court has no jurisdiction over Plaintiff's allegations of slander and libel. There is no longer a federal question here, and there is no diversity jurisdiction. These remaining issues pertaining to Plaintiff's slander and libel claims are issues of state, not federal, law.

This Court declines to exercise supplemental jurisdiction over the remaining state law claims now that all of the federal claims against the moving Defendants have been dismissed. 28 U.S.C. § 1367(c)(3). Because this Court has no federal subject matter jurisdiction over Plaintiff's claims of slander and libel, they are dismissed without prejudice to refiling in state court. *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Reese v. Anderson*, 926 F.2d 494, 501 (5th Cir. 1991) ("since no federal claims remain against the individual defendants, we instruct the district court to dismiss the pendent state claims against those defendants as well, without prejudice to refiling those claims in state court."). The Court cautions the parties that this finding is in no way intended to be a finding as to the factual or other legal merits of Plaintiff's claims under Texas law and it should not be construed as such. The Court simply finds that this is not the forum to resolve the dispute.

### **RECOMMENDATION**

Based upon the foregoing, the Court recommends that Defendants' Motions to Dismiss (Dkts. 11 & 28) be GRANTED in part, that Plaintiff's federal claims of constitutional and civil rights violations against Defendants be dismissed with prejudice and that Plaintiff's remaining state law claims of slander and libel be dismissed without prejudice to refiling in state court.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 29th day of January, 2008.**

*[signature]*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE