**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| KARL L. DAHLSTROM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:07cv229 |
| v. | § | |
| | § | |
| JAMES DAVID MOORE, BILL JACK | § | |
| CHILES, JR. And LARRY G. GUILLOUD, | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE**

On January 29, 2008, this Court issued a report and recommendation that the Defendants' motions to dismiss in this matter should be granted in part and denied in part (*see* Dkt. 45). Since the filing of the report, several pleadings have been filed requiring clarification and supplementation of this Court's prior recommendations.

Specifically, Plaintiff has argued that the report failed to sufficiently address his claims under 42 U.S.C. § 1985(3), 42 U.S.C. § 1981, and "RICO." Although the totality of Plaintiff's causes of action were not clearly laid out in his complaint and amended complaint (which the Court has construed as a supplemental pleading rather than superceding one), the Court will briefly address those claims here. The Court fully incorporates its earlier report and recommendations as if set forth fully herein.

1

**42 U.S.C. 1981 and 1985(3)**

Plaintiff's First Amended Complaint contains the following allegation: "The Defendants have impaired and have violated the rights of the Plaintiff to make and enforce contracts concerning memberships in C.A.A.P. under Title 42 U.S.C. § 1981 by discriminating against the Plaintiff and C.A.A.P. members as outlined in the Original Complaint." (*see* Dkt. 25 at ¶ 3). Other than this allegation, Plaintiff has stated no additional facts to specifically support his claim under Section 1981.

Plaintiff has now complained that, because this Court's January 29, 2008 report was based primarily on a finding that Defendants were not state actors and because Section 1981 does not require a state actor, the Court's findings did not dispose of his Section 1981 claim. Although Plaintiff is correct in his assertion that a state action is not necessarily required for a Section 1981 action to survive, an allegation of protected-class-based discrimination is. "To establish a violation of Section 1981, Plaintiff must prove 'discriminatory animus based on race or other 'non-white' status.'" *Barnes v. Colonial Life and Acc. Ins. Co.*, 818 F. Supp. 978, 982 (N.D. Tex. 1993) (citing *Irby v. Sullivan,* 737 F.2d 1418, 1430 n. 22 (5th Cir. 1984)); *see also Jatoi v. Hurst-Euless-Bedford Hosp. Auth.*, 807 F.2d 1214, 1219 (5th Cir. 1987). Similarly, there can be no Section 1985 violation absent "some racial or otherwise class-based, invidiously discriminatory animus in the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S. Ct. 1790, 1798, 29 L. Ed.2d 338 (1971); *see also Hagan v. Houston Indep. Sch. Dist.*, 51 F.3d 48, 53 (5th Cir. 1995); *Garrie v. James L. Gray, Inc.*, 912 F.2d 808, 813 (5th Cir. 1990).

In this case, Plaintiff has not alleged or demonstrated his membership in any protected class sufficient to support claims under Sections 1981 or 1985. Plaintiff's reliance on his membership in the C.A.A.P. Association is insufficient to make such a showing of membership in a protected class as contemplated by the statute. Accordingly, he has not stated a claim sections 1981 or 1985(3) and, to the extent not already disposed of by the Court's prior report, his claims under these statutes should be dismissed.

**"RICO"**

Plaintiff also claims that this Court failed to address his "RICO" claims in its report and recommendations. The Court has found no mention of "RICO" in either his Complaint or First Amended Complaint. Therefore, there is no such claim before the Court to address. To the extent Plaintiff has construed his allegations of violations of 18 U.S.C. § 241 as claims under "RICO," those claims must fail as Plaintiff has no standing to bring them. Section 241 of Title 18 of the United States Code is a criminal provision to be brought by the United States Government and contains no civil remedies for a private citizen. Therefore, to the extent it was not already disposed of, that claim should be dismissed as well.

Therefore, as set forth above and as fully outlined in this Court's January 29, 2008 report and recommendation, the Court recommends Defendants' Motions to Dismiss (Dkts. 11 & 28) be GRANTED in part, that Plaintiff's federal claims under 42 U.S.C. § 1983, 42 U.S.C. §1985(3), 42 U.S.C. § 1981, "RICO," and 18 U.S.C. § 241 be dismissed with prejudice and that Plaintiff's remaining state law claims of slander and libel be dismissed without prejudice to refiling in state court.

Within ten (10) days after service of the supplemental magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of July, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE